| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY C. BONTEMPS,<br><br>Plaintiff,<br><br>v.<br><br>K. POWELL,<br><br>Defendant. | No. 2:19-cv-00579 CKD P<br><br><br><br>ORDER |

Plaintiff is a California state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this case before a United States Magistrate Judge. See 28 U.S.C. § 636(c); see also ECF No. 6.

Currently pending before the court is plaintiff's motion to proceed in forma pauperis. For the reasons outlined below, the undersigned recommends will deny plaintiff's motion to proceed in forma pauperis.

The court takes judicial notice of the fact that plaintiff was deemed to have "struck out" pursuant to 28 U.S.C. § 1915(g)[1] on January 14, 2014, in Civil Case No. 2:12-cv-2250 WBS AC

---

[1] Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated

1

P. Judgment was final in that case well before this case was filed on March 12, 2019.[2]
Furthermore, after 2:12-cv-2250 WBS AC P was commenced on August 27, 2012, and before this action was initiated, plaintiff had at least four other cases dismissed for failure to state a claim upon which relief can be granted, and therefore those cases count as "strikes" as well.[3]

Because plaintiff has struck out, he may only be granted leave to proceed in forma pauperis if the allegations in his complaint suggest he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). There are no such allegations in plaintiff's complaint and plaintiff seeks damages for past injuries, not injunctive relief based upon current danger.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied.

2. Plaintiff is required to pay the $400 filing fee to proceed with this action within 14 days from the date of this order.

3. Failure to pay the filing fee within 14 days will result in a recommendation that this action be dismissed.

Dated: May 16, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bont0579.1915g.docx

---

or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[2] All filing dates have been calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

[3] See Bontemps v. Lee, 2:12-cv-0771-KJN (E.D. Cal.) (dismissed without leave to amend on January 31, 2013, for failure to state a claim); Bontemps v. Aquino, 2:12-cv-2406 EFB (E.D. Cal.) (dismissed without leave to amend for failure to state a claim on July 9, 2013); Bontemps v. Turner, 2:12-cv-3053-JAM-EFM (E.D. Cal)(dismissed because the pleadings demonstrated plaintiff failed to exhaust administrative remedies prior to filing suit which amounts to a dismissal for failure to state a claim upon which relief can be granted in accordance with Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014)); Bontemps v. Romero, 2:13-cv-00614-EFB-P (E.D. Cal.) (dismissed for failure to state a claim on August 13, 2013).